UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS M. THOMAS and KATHLEEN THOMAS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Civil Action No. 07 CV 2228 |
| OPTEUM FINANCIAL SERVICES, LLC, d/b/a STAR MORTGAGE SERVICES, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., INDYMAC BANK, F.S.B., GMAC MORTGAGE, LLC, and DOES 1-5, | ) Senior District Judge George W. Lindberg ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On April 23, 2007, Plaintiffs filed their complaint alleging violations of the Truth in Lending Act ("TILA"). Among other things, Plaintiffs ask this Court to rescind certain mortgage loans based on those alleged violations. Defendants Indymac Bank, F.S.B. and Mortgage Electronic Registration System, Inc. (collectively, "Defendants") answered Plaintiffs' complaint on May 14, 2007. On August 16, 2007, Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendants' motion is denied.

In their motion, Defendants ask this Court to enter judgment "because the Notice of Right to Cancel accurately notified Plaintiffs that they could rescind within three days of the date they received the notice and disclosures." Plaintiffs respond that the rescission disclosures and notices provided by Defendants violated the TILA. Specifically, Plaintiffs argue that the disclosures and notices "were backdated to shorten the rescission period" and inaccuracies with respect to the transaction date reflected on the disclosures and notices rendered them unclear and in violation of

-1-

the TILA.

The Court employs the same standard when ruling on Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss. *See Pisciotta v. Old Nat'l Bancorp*, No. 06-3817, 2007 WL 2389770, at *3 (7th Cir. Aug. 23, 2007). All facts alleged in the complaint are taken as true and all reasonable inferences are drawn in Plaintiffs' favor. *See id.* While Plaintiffs' complaint does not need to contain "detailed factual allegations[, it]. . .must 'give [Defendants] fair notice of what the. . .claim is and the grounds upon which it rests.'" *Id.* (citations omitted). Moreover, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (citations omitted). In other words, Plaintiffs' allegations "must plausibly suggest that the[y have] a right to relief. . . ." *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, No. 06-3436, 2007 WL 2215764, at *2 (7th Cir. Aug. 3, 2007) (citation omitted).

Plaintiffs allege that they have the right to rescind the mortgage loans at issue in this dispute because Defendants' rescission disclosures and notices violated the TILA. Plaintiffs did not attach any contracts, disclosures, or notices to their complaint or quote from any such documents when reciting their allegations. It is worth noting that Defendants similarly failed to attach any contracts, disclosures, or notices to their answers to Plaintiffs' complaint.

When ruling on Defendants' Rule 12(c) motion, the Court must "consider[] the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits." *Housing Auth. Risk Retention Group, Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citations omitted); *see also Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (same). Here, Defendants attach a "Notice of Right to Cancel" as Exhibit 1 to their memorandum in support of their Rule 12(c) motion. (*See* Ex. 1 to Mem. in Supp.

of Defs.' Mot. for J. on the Pleadings.) Defendants represent that Exhibit 1 was "issued by Southstar and then assigned to Indymac Bank, F.S.B." and is the notice referenced in Plaintiffs' complaint. Defendants argue that Exhibit 1 establishes that Defendants properly disclosed Plaintiffs' right to rescind as required under the TILA and they are therefore entitled to judgment on the pleadings.

Because Exhibit 1 was not attached to the parties' pleadings, it is not included among the filings that the Court may consider when deciding Defendants' Rule 12(c) motion. When ruling on a Rule 12(c) motion, "if the court does not exclude matters outside the pleadings from its consideration. . .it should convert the. . .motion into a Rule 56 motion for summary judgment." *Northern Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 453 n.5 ("In addition, if the defendants had relied upon any matters outside of the pleadings in their 12(c) motion and supporting memorandum, the District Court would have been required to convert the 12(c) motion to a Rule 56 motion for summary judgment.") (citations omitted). Defendants cite to *Minch v. City of Chicago*, 486 F.3d 294 (7th Cir. 2007) in asking the Court to consider Exhibit 1 when ruling on Defendants' Rule 12(c) motion. Specifically, Defendants direct the Court's attention to footnote 3 in *Minch*. Footnote 3 reads, in part:

> We have recognized that when a complaint refers to and rests on a contract or other document that is not attached to the complaint, a court *might* be within its rights to consider that document in ruling on a Rule 12(b)(6) motion to dismiss the complaint without converting the motion into one for summary judgment, so long as the authenticity of the document is unquestioned.

*Id.* at 300 n. 3 (emphasis added and citation omitted).

Exhibit 1 was not properly authenticated or attached to the parties' pleadings. And there is no evidentiary record before the Court (or, for that matter, an invitation by the parties) that would justify the conversion of Defendants' motion into a Rule 56 motion. The Court will therefore treat

-3-

Defendants' motion as a Rule 12(c) motion and exclude Exhibit 1 from consideration when ruling on the same. *See also Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002) ("What would not be cricket would be for the defendant to submit a document in support of his Rule 12(b)(6) motion that required discovery to authenticate or disambiguate; in such a case the judge would be required to convert the defendant's motion to a Rule 56 motion if he were minded to consider the document in deciding whether to grant the motion."). Accordingly, the Court turns to the parties' pleadings to determine whether judgment should be entered at this stage of the case.

When applicable, 15 U.S.C. § 1635 requires creditors to "clearly and conspicuously disclose" an obligor's right to rescind. 15 U.S.C. § 1635(a). 12 C.F.R. § 226.23(b)(1) provides requirements with which a creditor's disclosures and notice must comply:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following: (i) The retention or acquisition of a security interest in the consumer's principal dwelling. (ii) The consumer's right to rescind the transaction. (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business. (iv) The effects of rescission. . . . (v) The date the rescission period expires.

12 C.F.R. § 226.23(b)(1). *See also* 12 C.F.R. § 226.23(b)(2) ("Proper form of notice. To satisfy the disclosure requirements of paragraph (b)(1) of this section, the creditor shall provide the appropriate model form in Appendix H of this part or a substantially similar notice.") In the context of TILA-right to rescind disclosures and notices, "'sufficiency. . .is determined from the standpoint of the ordinary consumer.'" *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006) (citation omitted). Furthermore, "[w]hether a particular disclosure is clear for purposes of TILA is a question

of law that 'depends on the contents of the form, not on how it affects any particular reader.'"[1] *Id.* (citation omitted). Along those lines, "[w]here more than one reading of a rescission form is 'plausible,' the form does not provide the borrower 'with a clear notice of what her right to rescind entail[s].'" *Id.* (citation omitted).

After reviewing the allegations in Plaintiffs' complaint, the Court finds that the complaint states a claim for relief in compliance with the Federal Rules of Civil Procedure and controlling case law. *See Pisciotta*, No. 06-3817, 2007 WL 2389770, at *3; *Concentra Health Servs., Inc.*, No. 06-3436, 2007 WL 2215764, at *2; (*see also, e.g.*, Pls.' Compl., at ¶¶13-19, 23-26.) Because Plaintiffs' allegations are sufficient to satisfy their pleading burden, there is no basis upon which to enter judgment at this time.

**ORDERED**: Defendants' Motion for Judgment on the Pleadings [33] is denied.

**DATED:** October 1, 2007   **ENTERED:** _____
George W. Lindberg
Senior United States District Judge

---

[1] "TILA does not easily forgive 'technical' errors." *Handy*, 464 F.3d at 764 (citation omitted).